IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELSEY RENEE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-3237-S-DGK |
| | ) | |
| GARY DON BRANKEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER EXCLUDING PLAINTIFF'S UNTIMELY DISCLOSED EXPERT WITNESSES

Plaintiff Kelsey Renee West ("West") brings this action for damages alleging that members of the Waynesville Police Department conspired to conceal the identity of a police officer who allegedly caused a traffic accident that resulted in the death of West's mother. Defendants Gary Brankel ("Brankel"), Robert Carter, Clarence Liberty, and Brandon Robertson were employees of the Waynesville Police Department, an agency operating under the control of Defendant City of Waynesville.

Pending before the Court is Defendants' Motion to Exclude Plaintiff's Additional Experts (Doc. 49). After carefully reviewing the parties' briefing, the Court GRANTS the motion.

**Background**

West filed this action in Pulaski County Circuit Court on May 9, 2013, alleging a one count violation of 42 U.S.C. §§ 1983, 1988 and one count of wrongful death. West's complaint charges that Defendants conspired to conceal Brankel's involvement in the death of West's mother, thereby denying West access to the courts. Defendants removed the case to this court the next month, and the Court issued a scheduling order on August 1, 2013 (Doc. 11-1).

The scheduling order established a series of deadlines concerning disclosures of experts. Under Federal Rule of Civil Procedure 26(a)(2)(A), parties must disclose to the other parties the identity of any expert witnesses it intends to use at trial. Each expert must also provide a written report containing certain information, such as the witness's qualifications. Fed. R. Civ. P. 26(a)(2)(B).

The scheduling order set October 7, 2013, as the deadline for West's Rule 26(a)(2) disclosures (Doc. 11-1, at 2). As later amended, the scheduling order established a July 21, 2014, deadline for dispositive pretrial motions (Docs. 40, 41).

On April 18, 2014, West served on Defendants a supplemental disclosure of potential expert testimony regarding four individuals: P.J. Zeller ("Zeller"), Ed Wilson ("Wilson"), Steven Lawhead ("Lawhead"), and Willie J. Rowell ("Rowell"). West apparently intends to have these individuals testify that the conduct of the Waynesville Police Department fell below standard police force protocol. West had never previously identified these four individuals as expert witnesses, although she had indicated that Lawhead would testify as a fact witness. West did not provide a complete Rule 26(a)(2)(B) written report for any of these four individuals.

Defendants now move to exclude these four from testifying as expert witnesses.

## Discussion

In her responsive suggestions, West concedes that Zeller and Wilson will testify as fact witnesses only. Thus, the Court grants Defendants' motion as it applies to Zeller and Wilson.

As for Lawhead and Rowell, expert reports must be disclosed at the time ordered by the court. Fed. R. Civ. P. 26(a)(2)(D). The scheduling order in this case required West to disclose her expert witnesses by October 7, 2013. When West failed to identify Lawhead and Rowell as experts by that date, she violated Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(B).

2

Because West has violated Rule 26 and the scheduling order, the Court must decide whether Lawhead and Rowell may testify nonetheless. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) ("[F]ailure to disclose in a timely manner is equivalent to failure to disclose."). To decide whether the party's failure was substantially justified or is harmless, the district court should consider: "(1) the reason for noncompliance, (2) the surprise and prejudice to the opposing party, (3) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and (4) the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir. 2003); *Marti v. City of Maplewood*, 57 F.3d 680, 683 (8th Cir. 1995)).

The Court finds that West has not shown that her failure to timely disclose these experts is substantially justified or harmless. First, and most significantly, West advances no plausible justification for disclosing experts six months after the deadline passed. West should have known from the inception of her case whether expert testimony was needed to prove an element of her claim. Her conclusory contentions that Lawhead and Rowell should be able to testify because of Defendants' "diametric opposition" and "collective position of absolute denial thus far" (Doc. 53, at 1, 2) neither explain nor justify her failure to disclose. The first factor cuts against West. *Cf. Wegener*, 527 F.3d at 692 (affirming the district court's exclusion of an untimely disclosed expert witness even after the witness's proponent offered *some* excuse); *Trost*, 162 F.3d at 1008 (same).

Second, Defendants would experience some prejudice if Lawhead and Rowell are permitted to testify as experts. The deadline for dispositive pretrial motions is July 21, 2014. Because West has apparently still not provided Defendants with appropriate Rule 26(a) disclosures, Defendants are prejudiced in their preparation of dispositive motions that must be filed shortly. Particularly, Defendants would now need to quickly depose Lawhead and Rowell, develop challenges to their credentials, and solicit expert opinions of their own to countervail Lawhead's and Rowell's opinions. Although Defendants have already deposed Lawhead, they deposed him as a fact witness.[*] Thus, if the Court permits Lawhead to testify at trial then Defendants would incur costs by having to re-depose Lawhead. For these reasons, the second factor favors excluding these witnesses.

Third, allowing these witnesses to testify would disrupt the Court's docket and delay trial. The deadline for filing dispositive pretrial motions is fast approaching, and permitting Lawhead and Rowell to testify as experts would force the Court to extend that deadline for a third time. Because trial is set for March 3, 2015, in Springfield, Missouri, extending the discovery period would necessitate moving the trial back to a later Springfield trial docket, which would prolong a case that has been pending since May 9, 2013. *See Wegener*, 527 F.3d at 693 (noting that in excluding an untimely expert witness disclosure, the district court fairly considered that "it might have been necessary to grant [the defendant] a continuance and further disrupt the district court's trial calendar"). Because of the Court's institutional interest in managing its docket, the third factor weighs against West.

Fourth, West has not shown that Rowell's testimony is important. Rather, the Court finds that Rowell's testimony would be only cumulative. For instance, Rowell endorses James Reid's

---

[*] Although West technically served her supplemental disclosures on Defendants on the day of the deposition, this gave Defendants virtually no time to prepare to depose Lawhead as an expert.

4

reconstruction report and Al Snyder's critique of a Missouri State Highway Patrol polygraph examination. Rowell attacks Brankel's expected testimony as a layperson (*e.g.* Doc. 53, at 6 ("There is simply too much delay in Brankel's arrival for his story to be credible.")). Because Rowell's testimony would serve only to bolster or undermine other witnesses' testimony, the Court finds that Rowell does not offer important testimony. *See Wood v. Valley Forge Life Ins. Co.*, 478 F.3d 941, 946 (8th Cir. 2007) (holding that the district court in a life insurance case harmlessly excluded a coroner's opinion as to cause of death where another expert offered the same conclusion). The fourth factor cuts against West with regard to Rowell.

However, West provides a conclusory affidavit from Lawhead suggesting that he would testify about police department standards and how the Waynesville Police Department failed to adhere to them. Coupled with the proper foundation at trial, this testimony could tend to show that Defendants' actions constitute a conspiracy to deny West access to the courts, a violation of 42 U.S.C. § 1983. *See Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002). His expected testimony is important, and so the fourth factor favors West with regard to Lawhead.

On the whole, West has not shown that admitting these experts at this juncture would be substantially justified or harmless. West helped choose the dates for her expert disclosures and proposed those dates to the Court. If West now seeks to add experts to this case, six months after her chosen deadline, then she must show good cause. She has not done so here.

## Conclusion

For the reasons discussed above, Defendants' motion is GRANTED.

**IT IS SO ORDERED.**

Date:  July 16, 2014             /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT