# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KELSEY RENEE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-3237-CV-S-DGK |
| | ) | |
| GARY DON BRANKEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

Plaintiff Kelsey Renee West ("West") brings this action for damages alleging that members of the Waynesville Police Department conspired to conceal the identity of a police officer who allegedly caused a traffic accident that resulted in the death of West's mother. Defendants Gary Brankel, Robert Carter, Clarence Liberty, and Brandon Robertson were employees of the Waynesville Police Department, an agency operating under the control of Defendant City of Waynesville.

Pending before the Court is West's "Motion to Re-open Evidence and to Require Defendants to Pay Costs of Re-opened Depositions and Discovery" (Doc. 82). For the reasons below, the motion is DENIED.

## Background

West filed this action in the Circuit Court of Pulaski County in May 2013, alleging Defendants have violated 42 U.S.C. §§ 1983, 1988 by conspiring to conceal Brankel's involvement in the death of West's mother, thereby denying West access to the courts. Defendants removed the case to this court the next month, and the Court issued a scheduling order in August 2013.

Among the information a litigant must initially disclose to the opposing party is "a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Parties are required to supplement a disclosure or response if they learn that the disclosure or response was incomplete. Fed. R. Civ. P. 26(e)(1)(A). Parties need only make these supplemental disclosures "in a timely manner." *Id.*

Although the initial scheduling order does not appear to address Rule 26(a)(1) initial disclosures, Defendants made their initial disclosures by the default deadline in September 2013 and West does not contest those disclosures' timeliness. Discovery closed in June 2014. On September 11, 2014, Defendants discovered a Waynesville Police Department "Evidence/Property Custody Document" form ("the Custody Document") (Doc. 82-1, at 5) that had apparently been completed by Officer Sharon Miller ("Officer Miller"), an employee of Defendant City of Waynesville. The Custody Document lists eleven articles recovered from West's deceased mother. It indicates that articles had changed custody three times, and has signatures for each change of custody. The same day Defendants found the Custody Document, they sent West a copy as a supplemental Rule 26(a) disclosure.

West has had an earlier, albeit incomplete, version of the Custody Document for several months (Doc. 84-3). She introduced that earlier version in Defendants' depositions taken before the close of discovery. The incomplete Custody Document does not list the recovered articles, and does not bear any signatures. It does list the three occasions on which custody changed, and typed names for the individuals apparently effectuating these changes.

## Discussion

The Court construes West's motion to seek two forms of relief. First, West wants to re-depose nine individuals at Defendants' cost, as a sanction for Defendants tendering the Custody Document over a year after they made their initial disclosures and almost three months after discovery closed.

The Court holds Defendants did not violate the scheduling order. Defendants did not have the Custody Document in their possession, custody, or control when they filed their initial disclosures. This new information could not have been part of Defendants' initial disclosures and was thus supplemental. The same day they discovered the Custody Document, Defendants forwarded a copy to West. Their disclosure was thus timely. Accordingly, Defendants complied in every respect with Rules 26(a)(1) and 26(e)(1)(A). Because Defendants did not violate Rule 26, the Court cannot sanction them by requiring them to pay for new depositions.

Second, West appears to ask to extend discovery in order to re-depose these nine individuals. The district court may modify the scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). "Good cause" does not exist if the movant was not "diligen[t] in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008). Merely uncovering "helpful . . . new information . . . does not qualify as 'good cause' for modifying the scheduling order." *Land O'Lakes, Inc. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 846 F. Supp. 2d 1007, 1017 (D. Minn. 2012).

Here, the Court is not convinced that West diligently attempted to discover all information related to the Custody Document before the close of discovery. Officer Miller, whose name and signature appear on the completed version of the Custody Document, was disclosed as a potential witness by West over a year ago as someone who collected evidence in

3

the investigation of West's mother's death. Thus, West had ample opportunity to depose Officer Miller to question her about the potential "evidence" and articles collected, but did not. Moreover, West has had an earlier version of the Custody Document for several months, and introduced that earlier version in Defendants' depositions before the close of discovery. The incomplete Custody Document did not indicate what articles were recovered from the decedent in this case, but it did describe changes in the articles' custody and the individuals who received the articles. Given this patent incompleteness, and the fact that the incomplete Custody Document did provide names of individuals West could have contacted for an explanation, West was not fully diligent in discovering this information.

The Court finds that West could have discovered this information before discovery closed had she been more diligent. Consequently, there is no good cause to extend discovery so that West may conduct further depositions. *See Sherman*, 532 F.3d at 716–17; *Land O'Lakes*, 846 F. Supp. 2d at 1017; *see also E.E.O.C. v. Prod. Fabricators Inc.*, 285 F.R.D. 418, 422–23 (D. Minn. 2012) ("The Court cannot find good cause allowing it to grant the Motion to Re-Depose based upon a party's choice not (or even his neglect) to ask questions he could have asked at the deposition." (alterations removed)).

Defendants' supplemental disclosure violated no rule or court order, and West fails to show that she diligently attempted to secure the information contained in the Custody Document before the close of discovery. Thus, no grounds exist for the Court to order or permit further depositions. West's motion (Doc. 82) is DENIED.

**IT IS SO ORDERED.**

Date:  January 5, 2015                       /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT