IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| KELSEY RENEE WEST, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | No. 13-3237-CV-S-DGK |
| GARY DON BRANKEL, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO BIFURCATE TRIAL

Plaintiff brings this § 1983 action against Defendants, alleging wrongful denial of her access to the courts and seeking compensatory and punitive damages (Doc. 1-1 at 19). Trial in this matter is set to begin March 3, 2015.

Defendants now move to bifurcate the trial into a liability phase and a damages phase (Doc. 101). For the following reasons, the motion is DENIED.

Federal Rule of Civil Procedure 42(b) permits the district court to bifurcate a trial into phases:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).[1] Separation of issues for trial is not, and should not be, routinely ordered. *See* Fed. R. Civ. P. 42, advisory note (1966 amend.). In deciding whether to bifurcate, the district court should consider whether: "(1) the issues are clearly distinct; (2) the bifurcation will not prejudice either party; and (3) the action will result in judicial economy." *Butler v. Dowd*,

---

[1] Defendants argue they also have a right to bifurcation under Mo. Rev. Stat. § 510.263(1) ("All actions tried before a jury involving punitive damages . . . *shall* be conducted in a bifurcated trial before the same jury if requested by any party." (emphasis added)). Because Rule 42(b) controls over § 510.263(1) in federal court, the Court is not bound by that statute. *Equal Emp't Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

979 F.2d 661, 678 (8th Cir. 1992) (en banc) (Beam, J., concurring); *accord O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201–02 (8th Cir. 1990); *Soo Line R.R. Co. v. Werner Enters.*, Civil No. 12-1089 (DSD/JSM), 2014 WL 4449642, at *1–2 (D. Minn. Sept. 10, 2014).

The party moving for bifurcation bears the burden of proving that bifurcation is appropriate. *Cf. Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (holding that the district court did not abuse its discretion by refusing to bifurcate claims because the movant did not show prejudice). On balance, the potential benefits of bifurcation must outweigh the potential detriment. *Weitz Co. v. MH Wash., LLC*, No. 06-0559CV-W-DGK, 2008 WL 4371400, at *1 (W.D. Mo. Sept. 20, 2008).

The Court denies bifurcation. First, the issues of liability and punitive damages are insufficiently distinct. A liability phase will focus on whether Defendants prevented Plaintiff from filing a wrongful death lawsuit by covering up evidence related to her mother's death. As part of this case, Plaintiff has the burden of proving that Defendants acted recklessly toward her right to access the courts. Order Granting in Part Defs.' Mot. For Summ. J. (Doc. 99 at 17–19). A punitive damages phase will concern whether Defendants' conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). To be sure, the amount of punitive damages under § 1983 can hinge on some evidence that is not probative of liability and would not arise during the liability phase, such as Defendants' lack of financial resources. *See generally Kemezy v. Peters*, 79 F.3d 33 (7th Cir. 1996) (Posner, C.J.). But that amount will also be determined by the nature of Defendants' conduct. And to establish that Defendants' conduct merits punitive damages at all, Plaintiff must prove the same scienter she will be trying to prove

to establish liability: that Defendants acted recklessly. This substantial overlap weighs against bifurcation.

Second, Defendants have not demonstrated how bifurcation will serve judicial economy. "Bifurcation advances judicial economy if it saves 'considerable time and unnecessary expense and preparation' and 'eliminate[s] the need for a future trial if one of the parties is successful.'" *Soo Line R.R. Co.*, 2014 WL 4449642, at *1 (quoting *Keister v. Dow Chem. Co.*, 723 F. Supp. 117, 122 (E.D. Ark. 1989)) (alteration in original). Although the Court would undoubtedly save *some* quantum of time and effort if the jury finds Defendants not liable and obviates a damages phase, Defendants do not indicate exactly how much "'considerable time and unnecessary expense and preparation'" will be saved by bifurcation. *Id.* Defendants must make this showing if the "judicial economy" inquiry is to be meaningful, because every bifurcated case stands to promote judicial economy to *some* degree. Their conclusory promise of economization does not weigh in favor of bifurcation.

Third and most significantly, Defendants have not demonstrated prejudice should the jury concurrently hear evidence pertaining to liability and damages. This case, as with any case involving the loss of human life, will likely rouse the jurors' emotions. But absent a contrary showing from Defendants, and with the help of curative jury instructions, the Court is confident that the jurors will look objectively at the evidence. *See Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 625 (N.D. Ill. 2000) ("[J]urors bring a collective wisdom, common sense and experience as well as intelligence and dedication to their task."); *Soo Line R.R. Co.*, 2014 WL 4449642, at *2 ("The court is confident that a jury will view the evidence presented without prejudice or confusion. Any risk to the contrary can be adequately addressed by jury instructions."). The absence of demonstrated prejudice weighs against bifurcation.

In sum, Defendants have not demonstrated that bifurcation will separate distinct issues, avoid undue prejudice, or service judicial economy.  *See Butler*, 979 F.2d at 678.  They thus fail to surmount the presumption against bifurcation.

## Conclusion

For the above reasons, Defendants' Motion to Bifurcate (Doc. 101) is DENIED.

**IT IS SO ORDERED.**

Date:  February 18, 2015               /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT